Case 1:19-cv-00845-PLM-PJG   ECF No. 1 filed 10/15/19   PageID.1   Page 1 of 16

FILED - MQ
October 15, 2019 4:23 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: slk   SCANNED BY: /10-15-19

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ORIGINAL

J.BOGAN-BEY EX REL. JAMES DEMARCO  )
BOGAN                               )
      PLAINTIFF                     )
                                    )
                                    )
BERRIEN COUNTY SHERIFFS DEPARTMENT )
      DEFENDANT                     )

**1:19-cv-845**
Paul L. Maloney - U.S. District Judge
Phillip J. Green - Magistrate Judge

Cause No. _____

[Leave this blank, the Clerk will supply the Cause Number when

## 42 U.S.C. § 1983 COMPLAINT

## I PARTIES

A. PLAINTIFF

1.   J.BOGAN-BEY EX REL. JAMES DEMARCO BOGAN

   | Name: first | Middle | Last | Offender Number |

2. Where are you being held: Westville correctional Facility
   [Name of the prison or jail where you are incarcerated.]

3. What is the address: , 5501 S. 1100 W. Westvilee Indiana 46931

   3a. What is the telephone number: _____

4. Did the things you are suing about happen in the place of the listed above?

   ☐   Yes, it happened here in the same facility I am being held at today.

   x   No, it happened at 2068 Fairplane Ave., Benton Harbor Michigan

5. Did the things that you are now suing about, happen:

   x   before you were confined, or

   x   when you were confined awaiting trial, or

   x   after conviction while confined serving a sentence.

B. DEFENDANT(S)  How many Defendants are you suing: 3 (for now)

1

(Form 48)

[The Defendants are the people you are suing. Print or type the Defendant's name, job title, the state or local government agency the Defendant works for, and the address of that government agency. Remember to included the Defendant you named in the caption on page one. If you are suing more than one Defendant, number them.]

# Defendant's Name        Job Title/Government Agency        Work Address

1. Berrien County Sheriff's Department-919 Port Street, St. Joseph Michigan 49085

2. Joshua Sutherland, Officer , Berrien County Sheriff's Department

3. Heath Watson, employee Old National Bank N.A. 123 Main St. 3rd Floor, Evansville Indiana, 47708,      email: Heath.Watson@oldnational.com

WITNESS:

1. Steven Nash, Indiana State Police 100 N. Senate Ave, Indianapolis, Indiana, 46204

## II. GRIEVANCE PROCEDURE

Not Applicable.

## III. CAUSES OF ACTION WITH SUPPORTING FACTS

Attached is the complaint with one page of exhibits.

## IV. PREVIOUS LAWSUITS

Have you ever sued anyone for the same things you wrote about in this complaint?

☐   NO   x                    YES

Court: UNITED STATES DISTRICT COURT NORTHEN DISTRICT OF INDIANA

Judge: Unknown_____ Docket Number: 3:19-cv-00301

Date filed: 2019        Date closed: _____

## V. RELIEF

See Attached

2

(Form 48)

## VI VERIFICATION AND SIGNATURE

### Initial Each Statement and sign at the Bottom

_____ I have completed two properly completed Summons forms (available from the clerk) for each Defendant I am suing, including full name, job title and work address.

_____ I have included one properly completed Process Receipt and Return form (USM-285) (available from the U.S. Marshall) for each defendant I am suing.

_____ In addition to this complaint with the an original signature, I have included one (1) copy of this complaint for each Defendant and one extra for the Court.

_____ I have included full payment of the filing fee or attached a properly completed prisoner petition to Proceed Informa Pauperis (available from the Clerk) with a copy of my Prison Trust Fund Account Statement for the six moths preceding the filing of this case.

_____ I agree to promptly notify the Clerk of any change of address.

_____ I have read all of the statements in this complaint. [Do not forget to keep a copy for your records.]

_____ I declared under penalty of perjury that the foregoing is true and correct.

Signed this __8th__ day of __October__, 20_19_.

_All Rights Reserved_
_____
Your Signature

(Form 48)

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

J. BOGAN-BEY ex rel. JAMES DEMARCO BOGAN
Plaintiff

① Berrien County Sheriffs Department

② Joshua Sutherland,

③ Heath Watson.
Defendants

① This is a civil action for continuing damages, brought pursuant to the United States Constitution, and 42 U.S.C. § 1983 resulting from depravations under color of law of plaintiffs rights under ~~color of law~~ of the 1st, 4th, 5th and 6th and 8th amendments to the United States Constitution and for trespass, conversion, unlawful interference with expectancy of inheritance, and unlawful interference with expected contractural obligations of contractural rights under state law, including mental distress. Jury Trial Demanded. Civil liability under R.I.C.O. 18 USC § 1961-1968.

## JURISDICTION

② This court has jurisdiction over these claims pursuant to Article III § 1 of the constitution, 28 U.S.C. § 1331, 1332, and 1343. Plaintiff also invokes the pendant jurisdiction of this court to decide the

statutory and common law tort claims. The amount demanded as damages exceeds $10,000.⁰⁰ excluding interests and costs. 18 USC § 1964(c) is invoked to prevent and restrain violations of 18 USC § 1962.

## VENUE

③ Venue is properly established in this judicial district pursuant to 28 USC § 1391(B), 18 USC § 1965(a)

## PARTIES

④ J. Bogan-Bey ex rel. James Demarco Bogan is a citizen of the United States and also a descendant of Mooroccans born in America. As such has a dual quality of citizenship. At all times relevant plaintiff, was present within the district.

⑤ Berrien County Sheriffs Department is a municipal corporation charged with the responsibilities of appointing, training, promoting, and supervising its officers. the members of the Narcotics Division. This obligation includes instruction, discipline, control and conduct of the Sheriffs Department and its personnel. Defendant Municipality at all times relevant, had the power, right, and duty to control the manner in which the individual defendant carried out the objectives

of thier employees objectives, and to see that all orders, rules, instructions and regulations promulgated for the Berrien County Sheriff's office, were consistent with the constitutions (Fed and State) and the laws of the municipality.

⑥ Defendant Joshua Sutherland was at all times relevant to the incidents, which are the subject of this lawsuit, an officer of the Berrien County Sheriffs Department. The acts of the Defendant Joshua Sutherland, which are the subject of this lawsuit were taken under color of his office while employed for Defendant Municipality. He is sued both individually and in his official capacity. Upon information and belief, Defendant Joshua Sutherland, hereinafter "J.S." is a resident of Berrien County Michigan.

⑦ Heath Watson, Defendant was at all times relevant to the issues which are the subject of this lawsuit, an employee of Old National Bank. The acts of the Defendant which are the subject of this lawsuit were undertaken in the regular course of his employment for Old National Bank as a Fraud Investigator. He is sued in his personal capacity. Upon information and belief, Defendant Heath Watson hereinafter referred to as "H.W" is a resident of Evansville Indiana.

# FACTS

(8) On the date of 12-31-2015 defendant "H.W" claimed and responded to defendant "J.S" that Old National Bank suffered a loss of a promissory note made out by the Plaintiffs father.

(9) A copy of the communication by email between H.W and J.S is included by reference to Exhibit "A" as incorporated into this complaint.

(10) Niether J.S. Nor H.W. are qualified to claim or enforce a loss (alleged) on a note made out by Plaintiffs father.

(11) Befor this communication J.S. initiated agency case# 15-9281 with the Berrien County Sheriff narcotics division. Based upon this case J.S. with other officers executed an VOID warrant on the home of Plaintiffs father located in Berrien County Michigan. Said warrant was void because it allowed the officers to take any and every document they saw based upon discretion of those officers. Further the basis was that the local municipality, while being prohibited by federal law 12 USC § 5001 et seq. CHECK TRUNCATION, sought to determine if a payment form was valid or not. The statue expressly prohibits states from involving themselves in such acts.

(12) Upon a forced entry by the officers, the entry was unlawful however the officers ransacked several rooms and took without consent several valuable documents, the property of Plaintiffs, his father, his mothers, his sons and daughters phones and any and every document that the officers assumed that they wanted. Upon exit, the head officer J.S. left an inventory with entries of "Micellaneous Paperwork" which ~~conceals~~ conceals the actual documents taken and further shows the discretionary taking by the officers based upon a defective Search Warrant predicated on prohibited basis. 12 USC § 5001 et seq.

(13) After the search J.S. communicated with H.W. in order to justify his unlawful trespass knowing that H.W. as a fraud investigator is not authorized to report losses or gains on behalf of a Bank.

(14) The entry in to the Plaintiffs elderly parents home constituted an assault, as the defendants violently entered into the home, wrongfully, unlawfully and without any lawful warrant or authority of law, detained Plaintiff and his parents at thier residence against thier will.

(15) The defendants knew or should have known that a search warrant which allows the officers to use discretion is unlawful. J.S. knew or should have known that local municipalities do not have outhority to determine if a payment form is lawful or not. Whether title to property is valid or not,



## FIRST CAUSE OF ACTION OF PLAINTIFF

That as a result of the trespass, assault, illegal detention, theft of personal property of chattles, Plaintiff being a citizen of the United States was subjected to depravations of his rights privleges and immunities secured by Constitution of the United States and the laws of the United States, sustained depravations of his and his parets persond liberties, invasion of privacy, and violations of his civil rights. The pounding, banging on the door, the forcefull compulsion of submission of my elderly mother has caused significant mental changes in her.

⑰ Immediatly afterwards after the trespass, Plaintiff, his father and mother filed a claim with the case# 15-9281. More than 30 days have elapsed since the presentation of the claim, and after the Plaintiffs claim, J.S. took selected documents and met with Steven Nash of the Indiana State Police and delivered the personal chattles to Indiana across state lines in interstate commerce. This action has continued to affect the Plaintiffs business and trade impedeing his commerce.

## SECOND CAUSE OF ACTION

Tresspass on real property, business Interest, and on personal property.

(18) The persons J.S and H.W. do not have a possessory interest in the note made out by the Plaintiffs father, nor has any responsible person for H.W. employer made out a statement to support his opinions. Not being subject to a claim to a property or possesory right in any of the Defendants claim the Plaintiffs right has been barred by the Municiple defendant from having access # to the plaintiffs personal property. No Just cause exists for the deprivation and the value of those valuable instruments have been deposited into the coffers of the employors of both J.S. and H.W. The acts limits the free excercise of business and trade of the Plaintiff.

(19) The failure of the defendants to obtain a verified authorization from a responsible party with contractural interest, and thereafter being denied by the plaintiff to enterfer with his contractural interest, put the defendants on notice, and is in no way in the performance of official duties of the Defendants. The defendants acted in an extreme and outrageous manner.

## THIRD CAUSE OF ACTION

(20) Paragraphs 1-19 are realleged and incorporated by reference upon this claim of extortion because the Defendants knew that thier service would provide unwarranted enrichment to a contract party in violation and breach of that contract.

(21) J.W. with the help of the Berrien County Sheriffs Department, under color of official right, did obtain personal property of the Plaintiff and his family members. After obtaining the personal property, J.W. obstructed the intended beneficiaries enjoyment of that property, some of which involded the territory outside the State of Michigan. After obtaining the property, J.W. then conveyed this property to Steven Nash, a Indiana State Police officer. The purpose of this conveyance was the result of the Berrien County's Prosecutor declined to prosecute due to the prohibition of the Federal Law 12 USC §5001, et seq. J.W. while being declined by the prosecutor in his area, knew or should have known that the use of violent force or potential force of the Sheriffs department without lawful claim to that property constituted a "robbery". Then to fail to return the property, but, convey the property accross state lines into Indiana subjects him to punishment for interference with interstate commerce by extortion, robbery, and physical violence, which induced fear and resulting in the loss of liberty of the Plaintiff and his family. The above described events constitutes acts defined as criminal under federal law 18 USC § 1951 "Hobbs Act" and I, hereby charge Defendants and others with 2 Counts, under the laws of the United States I make this declaration.   28 Fed. R. Civ. Pro. 11

## COUNT 1

Interference with commerce by extortion and robbery.

## Count 2

Obstructing commerce by extortion and robbery.

25). That as a result of the trespass, unlawful interference with contract obligations, plaintiff was deprived of the expected economic value of the personal chattles of his father. The chattles were conveyed to plaintiff by a testamentary disposition. Plaintiff being part and partial to the establishment of the United States by inheritance, he was subjected to depravations of his rights, privliges and immunities secured by the Constitution of the United States, and the laws of the United States, sustained depravations of his personal liberty, invasion of privacy, and violations of civil rights, has suffered and will continue to suffer from psycological harm, mental distress, humiliation, embarassment, fear, defamation of his character and reputation, was prevented from attending to his usual duties concerning family finances in interstate commerce, interference with domestic responsibilities to his common-law wife, his children, and overall liberties. The damage in the sum of $50,000,000.00 (fifty million dollars).

WHEREFORE: Plaintiff J. Bogan-Bey ex rel. James Demarco Bogan demands

A: Compensatory damages after discovery.
B: Punitive damages
C: Treble Damages consistent with R.I.C.O. civil

  Total 150,000,000.00 one hundred fifty million dollars No/oo

D. A Declaration declaring defendants actions as unconstitutional
E. A Temporary, Preliminary, and Permanant injunction restraining and enjoining the defendants and agents of def, from undertaking, claiming, conveying, enforcing, maintaining any financial documents of the Bogan family or its members.
F. The same as "E" above preventing Sheriff Department from maintaining or adopting any policies

A

(22) On information and belief, the abuse to which plaintiff and his family was/is continued to be subject to, was consistent with an institutionalized practice of the Berrien County Sheriffs department, which was known to and ratified by the Sheriff as he was served by registered mail by Plaintiff. The Defendant municipality Sheriffs department having at no time taken any effective action to prevent their personnel from continuing to engage in such conduct or to rectify the damage caused.

(23) On information and belief defendants Berrien County authorized, tolerated as institutionalized practices and ratified the misconduct hereinbefore detailed by:

    (a) Failing to properly discipline, restrict, and control employees, including the defendant J.S. and John Does who accompanied J.S on the robbery.
    (b) Failing to take adequate precautions in the hiring promotion and retention of personnel specifically J.S. and county prosecutors
    (c) Failing to forward to the office of U.S. Attornies office, evidence of criminal acts committed by personnel.
    (d) Failing to establish and or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of misconduct, but instead responding to complaints with silence, non-action, bureaucratic power. This conduct is currently affecting plaintiff based on J.S. testimoney in Indiana.

(24) As a consequence of the abuse, of authority detailed above, plaintiff sustaind damages by the un warranted search, confiscation, and disposal of finavcial instruments and other personal papers obstructing commerce.

(F cont'd): procedures, practices, or acts of extorting persons, or investigation persons for crimes which do not constitute fraud consistent with federal law except where law enforcement officials have probable cause supported by an auditors, or accountants belief that fraud is actually present.

G: Award such other and further relief that this court may deem just, proper, and equitable.

J. Bogan-Bey executive beneficiary to
JAMES DEMARCO BOGAN, d/t/d 12-6-1972
D.O.B. 11-22-1972    SSN ending    1808
                     EIN ending    3285

(original Red-ink STAMP)

The above claim is affirmed by me under the laws of the United States of America. I, present the claims upon my own personal knowledge, stated upon reliance of Federal Rules of Civil Procedure Rule 11 so that it is effective. I will provide the clerk of court with an original with my right thumb print for Collection Only, and for no other purpose. I hereby submit all taxes due by these presents.

Further Affiant Saith No Thing ─────

J. Bogan Bey
c/o 5501 S, 1100 W,
Westville In. 46391

**LEGAL MAIL ONLY**



U.S. District Court for the Western District of Michigan
229 Federal Bldg. Marquette, Michigan
49855